No. 23,705.

MAY IRVIN, a Minor, by A. C. IRVIN, Her Father and Next Friend, *Appellant*, v. W. H. FANT, Trustee of Garden City Township in Finney County, et al., *Appellees*.

SYLLABUS BY THE COURT.

1. DEFECTIVE HIGHWAY—*Injuries—Demurrer to Plaintiff's Evidence.* In an action seeking to hold a township liable for injuries caused by a defect in a public road a demurrer to the evidence was properly sustained because there was no evidence offered to show that the road was a township road.

2. SAME—*Previous Action Against County—No Estoppel.* In such an action the township is not estopped by anything that occurred on the trial of a previous action between the plaintiff and the county to recover damages arising out of the same accident.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed May 6, 1922. Affirmed.

*Ed R. Bane,* and *H. A. Russell,* both of Scott City, for the appellant.

*Edgar Foster, Horace Foster,* and *W. C. Pearce,* all of Garden City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In an action to recover damages caused by an alleged defect in a public highway a demurrer was sustained to plaintiff's evidence, and she brings the case here for review.

A similar action was first brought by plaintiff against Finney county; a demurrer to the evidence was sustained, and on appeal the judgment was affirmed. (*Irvin v. Finney County,* 106 Kan. 171, 186 Pac. 975.) This action was then brought, the petition alleging that "township road No. 136," where the accident is said to have occurred, is a legally established public road running through Garden City township, Finney county, and that the highway commissioners of the township were charged with maintaining the road at all times.

On the trial the plaintiff relied upon chapter 264, Laws of 1917, which established the state highway commission and required "the county engineers and boards of county commissioners to classify and designate the roads in their respective counties, according to their relative importance, as 'county roads' and 'township roads'"; and made it the duty of the county engineer "as soon as the county roads are so designated" to mark them upon some map which shows the public roads, the map to be filed with the board of county commissioners for correction and approval. The act also required the board of county commissioners to establish and approve a county-road system, and provided that if any county failed to make the designation of county roads and to forward a map of the same to the state highway commission within eight months after the act took effect, the state highway commission, upon the recommendation of the state highway engineer, should have the power to make the proper designation. There was a further provision that all highways not included in the county system provided for by the act "shall become and be township roads and shall be so designated upon the road records of the county."

The court sustained the demurrer in the present case because no evidence was offered of any kind for the purpose of showing that the road in question was a township road. Presumably the records were in the courthouse, but plaintiff relied upon the assumption that because in the former case against the county she had failed to establish the fact that the road was a county road, it must necessarily be a township road. All that was decided in the former case was that

the plaintiff could not recover because of the failure to show that the road where the accident occurred was a county road. She is in a similar situation in this case because she failed to offer any evidence to show that the road was a township road. The same attorneys who appeared for the county in the former case appeared for the township in the present case, and on the trial plaintiff's attorney said:

"We didn't get down here in time to look up the records today, but we supposed you wouldn't raise that question today because you stated at one time that it wasn't a county road.

"By the defendant's attorney:

"No, we never said it wasn't a county road."

Of course the township cannot be estopped by anything that occurred in the trial of the action against the county.

The judgment is affirmed.