LANDRY, Judge.
Plaintiffs, Charles L. and Frances Key, appeal from a judgment rejecting their de *440 mands for personal injuries, related medical expenses and property damages sustained by Mrs. Key and her infant daughter, Jo Lynn, in a left turn automobile accident in which the turning Key vehicle was struck by an oncoming vehicle driven by defendant, Troy Harding, the insured of defendant, Allstate. Since defendant Harding was a minor, an attorney-at-law was appointed to represent him as prayed for by plaintiffs in their petition. Defendants third partied plaintiffs asking reimbursement in full for any judgment rendered against. defendants in favor of the minor child, Jo Lynn Key. Alternatively, defendants prayed for judgment for one-half any amount awarded the minor on the ground that Mrs. Key’s negligence is attributable to Mr. Key inasmuch as Mrs. Key was on a community mission at the time of the mishap. The trial court found both drivers negligent, but also found that Harding’s negligence was not a proximate cause of the accident, and rejected the claims of all plaintiffs, including those of plaintiff, Charles Key, as administrator of the estate of his minor guest passenger daughter. We affirm in part, and reverse in part.
Plaintiffs maintain that the trial court erred in concluding Mrs. Key was negligent in starting her left turn, in finding her alleged negligence was the proximate cause of the collision, in denying plaintiffs any recovery, including the infant’s personal injuries, and in assessing costs against plaintiffs. Plaintiffs-appellants assert that defendant Harding was solely at fault in driving at an excessive rate of speed, failing to maintain a proper lookout, and failing to keep his vehicle under control. Defendants urge that Harding was free of fault, and that Mrs. Key was negligent in making a left turn into the path of Haring’s oncoming vehicle. As previously noted, the trial court found both drivers at fault and rejected all claims of plaintiffs.
The accident occurred on the afternoon of August 30, 1968, a clear, dry day. Mrs. Key, accompanied by her minor daughter sitting beside her on the front seat, was proceeding southerly along Bayou Black Road in Terrebonne Parish. She was en route to visit a friend whose home is situated on the east side of the highway. Bayou Black adjoins the highway on the west. Bayou Black Road is a winding, narrow, country blacktopped highway. Its improved surface is 16 feet, 10 inches wide. The shoulders on either side of the roadway are approximately three feet in width. Mrs. Key intended to turn left into the shelled driveway leading to the residence of her friend. The posted speed limit on the highway is 35 miles per hour. Visibility southward extends a measured distance of 384 feet from the area of the driveway to a curve.
In substance Mrs. Key testified she was proceeding at a rate of 25 to 30 miles per hour. When approximately 75 feet from the driveway, she activated her left automatic turn signal, reduced her speed, and prepared to turn. She looked ahead and saw no vehicle approaching from the opposite direction. At the moment she began her turn, she observed Harding’s vehicle round the curve to the south at a very fast rate of speed and noted that Harding applied his brakes whereupon his car began weaving and skidding toward her sideways, its tires screeching from the application of brakes. She applied her brakes, instinctively reached for her child, and “froze” in a position directly opposite the driveway. She stated she did not have time to turn. As she expressed it, “All I could do was sit there. There was no place for me to go.” She testified there was sufficient room for Harding to pass in the northbound lane. She maintained she was stopped at the moment of impact, and that all of the wheels of her automobile were in the southbound lane. She conceded it was possible the left bumper of her vehicle may have extended a few inches into the northbound lane. When asked how far she would have had to travel to complete her turn off the highway, Mrs. Key pointed to an object approximately six feet away. According to *441 Mrs. Key, the force of the impact pushed her vehicle back about 50 feet.
Defendant Harding’s testimony is that he was driving at a speed of about 40 miles per hour. When he rounded the curve south of the scene of the accident, he observed plaintiff’s vehicle proceeding toward him about 300 feet away. He kept plaintiffs car under observation and saw no indication of a left turn signal. When plaintiff’s car reached a point about 30 feet away, plaintiff abruptly commenced an unsignaled left turn across his path. He immediately applied his brakes and veered to the right to avoid striking plaintiff’s automobile. He maintained that his vehicle stopped within one or two feet of the point of impact.
The accident was investigated by Sergeant Charles R. Robinson, State Trooper, who found 120 feet of skid marks laid down by the Harding vehicle. (Photographs in evidence show that the skid marks stop at about the center of the Perry driveway.) The type and character of the marks indicated that Harding’s vehicle skidded sideways into plaintiff’s automobile. The Trooper could not determine the precise point of impact. He stated that there was a large curve approximately 300 feet south of the collision area. He confirmed a posted speed limit of 35 miles per hour prevailed at the time. Sergeant Robinson testified that during the investigation, Mrs. Key told him that it was possible that she had begun her left turn and was partly in the northbound lane.
Mrs. Helen Perry, the friend Mrs. Key was visiting, was attracted to the scene by the noise of the accident. Her principal testimony is that she turned off the blinker lights which were operating on plaintiff’s vehicle after the accident. She conceded she saw only the rear blinker light in operation, and did not check the front signal light.
Plaintiffs presented Captain Edward B. Laporte of the New Orleans Police Department as an expert in the field of automobile accident and reconstruction. Captain Laporte possesses nine years experience and some university training on the subject. Based on photographs showing the position of the unmoved vehicles following the accident, the damage to the respective automobiles, the assumption that Harding’s vehicle left 120 feet of skid marks, as was stated in Sergeant Robinson’s accident report, and his own investigation of the scene two years later, Captain Laporte concluded Harding’s vehicle was out of control before the impact, and had been traveling at a minimum of 53 miles per hour. However, it should be noted that from an examination of the photographs taken at the collision scene, Captain La-porte stated that the skid marks appeared to be only 70 feet in length. He also found that the initial impact occurred between the right front fender of Harding’s vehicle, and the left front of the Key automobile, following which Harding’s car spun around full circle counter clockwise.
The cases are legion to the effect that a left turn is a most dangerous maneuver, and is not to be made until the turning motorist first ascertains it can be accomplished in safety. LSA-R.S. 32:104; Dorty v. Zurich Insurance Company, La. App., 236 So.2d 837; Register v. Allstate Insurance Company, 210 So.2d 625. The burden rests heavily upon a left turning driver to explain how the accident happened and exculpate himself from the inference of negligence. Haygood v. Hebert, La.App., 225 So.2d 405; Huntsberry v. Millers Mutual Fire Insurance Company, La.App., 205 So.2d 617. However, a left turning driver has the right to assume that other motorists will obey the rules of the road and fulfill the obligations imposed upon them by law. Dorty v. Zurich, above; Haygood v. Hebert, above.
Pursuant to the above quoted rules, each case of this nature must be determined in the light of its own circumstances.
An examination of the testimony leads this court to conclude that Mrs. Key *442 has not succeeded in exculpating herself from the inference of negligence. We find that Mrs. Key was proceeding at a lawful rate of speed, that she gave proper signal of her intention to make a left turn, and that she reduced her speed in anticipation of the maneuver. We find it is reasonable to infer that the impact occurred when the Key vehicle was approximately opposite the center of the Perry driveway. By her own admission, Mrs. Key stated that she had started her turn and that part of her car may have extended into the northbound lane. Although she denied blocking Harding’s northbound lane, she pointed to an object approximately six feet away in stating how far her car would have had to travel to complete her turn. Even if her car only extended a short distance into the northbound lane, on such a narrow roadway, Mrs. Key’s automobile necessarily constituted an obstruction. Mrs. Key had a clear view some 384 feet to the curve from which defendant Harding traveled. The trial court did not err when he concluded that if Mrs. Key had looked, as she was required to do, she would have seen defendant Harding’s vehicle. The trial court was correct when he found that Mrs. Key did not exercise the proper degree of care in beginning her turn so as to block the passage of defendant Harding’s oncoming vehicle. Mrs. Key was negligent in concluding her left turn could be made in reasonable safety. We find that her negligence was a proximate cause of the accident.
Defendant Harding’s contention he was proceeding at only 40 miles per hour and that Mrs. Key turned abruptly across his path when he was only 30 feet away, is not supported by the evidence.
The length of the skid marks left by defendant’s vehicle, and the fact that defendant’s car skidded sideways into plaintiff’s automobile, is uncontrovertible proof of defendant’s excessive speed. This finding is further corroborated by an examination of photographs in evidence which show the force of the impact was sufficient to propel the Key car a distance of about 30 feet backward. The accident could not have occurred as Harding indicated. Had Mrs. Key turned when he was only 30 feet distant, Harding could not possibly have applied his brakes and left the skid marks made by his vehicle before the impact. Moreover, if Mrs. Key turned abruptly as Harding stated, the right front of her car would have received the initial impact. The record shows that the left front of the Key car was struck by the right front of the Harding vehicle which spun around counter clockwise following the impact. We find defendant Harding at fault in driving at an excessive speed and failing to maintain his vehicle under proper control. We also find that his negligence was a proximate cause of the accident. See Ortego v. Plumbar, La.App., 238 So.2d 376.
The trial court erred in disallowing recovery for plaintiff’s minor child, Jo Lynn Key, a guest passenger. Negligence of a mother involved in a collision will bar her own recovery, and that of her husband for medical expenses, but will not bar an award for the injuries of a minor guest passenger child. Perry v. Herrin, La.App., 215 So.2d 167. Jo Lynn suffered cuts on her head which required stitches and blackened eyes for which she was hospitalized overnight, and for which her mother gave her baby aspirin for 3 or 4 days after the accident. The stitches were removed in the doctor’s office approximately one week after the accident. Therefore, judgment is rendered in favor of plaintiff, Charles L. Key, as administrator of the estate of his minor child, against defendants, Allstate and Harding, in the amount of $500 for the child’s personal injuries. However, since Mrs. Key was also guilty of negligence, judgment is rendered in favor of defendants on their third party demand against plaintiffs in the amount of $250 to reimburse defendants for one-half of the judgment against them.
Finally, plaintiffs assert that the trial court was in error in assessing cost *443 against them. The parties stipulated that the attorney appointed by the court to represent the minor defendant, Troy Harding, was entitled to a fee of $901.00. In the absence of express provisions, the lower court may award a judgment for costs, or any part thereof, against any party, as it may consider equitable. LSA-C.C.P. 1920. The appellate court may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. LSA-C.C.P. 2164. Since the attorney was appointed to represent the minor defendant at the request of plaintiffs in their petition, we find that the trial court was correct in assessing those as costs against plaintiffs, Charles L. Key and Frances Key. All other costs are to be paid equally by plaintiffs, Charles L. Key and Frances Key, and defendants, Troy Harding and Allstate Insurance Company, in equal proportions.
Affirmed in part, reversed in part, and rendered.