292 So.2d 303 (1974)
Larry STEWART et al.
v.
William LEWIS and Louisiana Department of Highways.
No. 9668.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
*304 Robert J. Jones, Baton Rouge, for appellants.
Hobart O. Pardue, Jr., Springfield, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
This is a suit for personal injuries and other damages sustained in a vehicular accident involving a 1969 Datsun automobile and a 1971 Ford truck. The plaintiff, Larry Stewart, individually and as administrator of the estate of his minor daughter, Elizabeth Ann Stewart, and plaintiff, Patricia Stewart, brought this suit against William Lewis and the Department of Highways of the State of Louisiana. The defendants filed separate answers in which they admit the occurrence of the accident, but deny any negligence.
The Department of Highways affirmatively alleged that the accident and resulting injuries were caused solely by the negligence of Patricia Stewart and her husband, Larry Stewart; and in the alternative, it alleged the accident was caused solely by the negligence of William Lewis. In the further alternative, the Department of Highways alleged that the accident was caused by the joint and combined negligence of Patricia Stewart, Larry Stewart and William Lewis, and specifically plead their contributory negligence as a bar to plaintiffs' action. The Department of Highways by a supplemental answer and a third party petition made Patricia Stewart and Larry Stewart third party defendants; and alleged as such they were liable unto it as joint tort feasors for their virile share of any damages which might be found to be due to the minor, Elizabeth Ann Stewart. The defendant, William Lewis, denying any liability, plead in the alternative, that if he should be found guilty of any negligence which contributed proximately to the accident, he alleged the contributory negligence of Patricia Stewart in bar of any recovery by her; and further as a joint tort feasor, and third party defendant, Patricia Stewart was liable in solido to him for one-half of any amount for which he might be cast.
After a trial on the merits, the Trial Judge dismissed the suit against the defendant, William Lewis, and rendered judgment against the Louisiana Department of Highways and in favor of defendant, Larry Stewart, individually, for the sum of $2,100.00, with legal interest and costs, and in favor of defendant, Larry Stewart, as natural tutor of the minor, Elizabeth Ann Stewart, for the sum of $150.00, together with legal interest thereon from judicial demand until paid. The Trial Court also rendered judgment in favor of the Louisiana Department of Highways and against Patricia W. Stewart, the Defendant in Reconvention, for the sum of $1,125.00. The Department of Highways has appealed devolutively. Neither of the plaintiffs has appealed, nor answered the appeal.
The accident occurred at about 9:35 A. M., on October 11, 1971, at the intersection *305 of Louisiana Highway 441 and Louisiana Highway 1036 in the Parish of Livingston. The record shows that Highway 441 extends in a generally northeast to southwest direction prior to its intersection with Highway 1036, which extends in a southeast to northwest direction at the point of intersection with Highway 441. According to the plat drawn by Mr. Gilbert Sullivan, a registered surveyor, employed by the Department of Highways, Highway 441 intersects Highway 1036 at an angle of 125 degrees looking southerly. There is a stop sign on the right, or west side of Highway 441 at its intersection with Highway 1036.
The plaintiffs, Larry Stewart, Patricia Stewart, and state trooper, Charles Abels, testified relative to the occurrence of the accident. The plaintiff, Mrs. Patricia Stewart, testified that she was driving a 1971 Datsun automobile which belonged to the community between herself and her husband, Larry Stewart, who, together with her daughter, Elizabeth Ann Stewart, were guest passengers in the automobile. They were on their way to New Orleans where they were taking her daughter for dental treatment. She was driving southerly on Highway 441, and as she approached the intersection with Highway 1036 she stopped just before reaching a stop sign to her right on Highway 441. She looked both ways on Highway 1036, but because of vegetation to her left, she could not see approaching traffic to her left. She then pulled up a short distance and stopped again. At this point her vehicle was struck by the Ford truck driven by Mr. William Lewis. She said she did not see the approaching Ford truck, until it was so near her that she could not take evasive action.
The testimony of the plaintiff, Larry Stewart, is substantially the same as that of his wife. When asked how the accident occurred, Mr. Stewart said:
"A. Well, we was taking my baby to New Orleans to the hospital down in New Orleans for treatment she was getting down there. And we pulled up to the stop sign, my wife stopped at the stop sign but you have to pull up in order to see around them signs and there is bushes underneath the signs and when she pulled up, she was almost in the middle of the road and she couldn'tcouldn't do no
Q. And what happened at that time?
A. Then we seen the truck coming and it was too late."
Mr. Stewart first saw the truck when it was about fifty feet away, but had no idea how fast it was traveling. The right front fender of the truck struck his vehicle in front and on the left side.
State Trooper, Charles Abels testified that he investigated the accident. He said the Datsun automobile was in the northwest quadrant of the intersection when it was struck by the truck. Trooper Abels, replying to questioning by the Court, said it was necessary for Mrs. Stewart to go out two or three feet into Highway 1036 in order to see a vehicle approaching from her left. Trooper Abels said he carefully and thoroughly viewed the entire area of the accident site, and checked the visibility distance of the two drivers. He made a number of photographs which have been filed in evidence. The photographs support the testimony of Trooper Abels. He expressed the opinion that the driver of the truck, which was loaded with brick, could not have avoided the accident. The trooper said he had been to the scene of the accident a number of times since the occurrence of the accident, and that the intersection has been reworked, so that it no longer has the appearance that it had at the time of the accident. Incidentally, Trooper Abels said he had checked other accidents at the same intersection.
Mr. Gilbert Sullivan, a registered surveyor, who had been employed by the Highway Department for about fifteen years, made a survey of the intersection *306 where the accident occurred. He made the survey on December 14, 1972. The purpose of the survey was to establish sight distances, which he explained to be the distance a driver can see from a vehicle, i. e., the visibility distance along a highway. He said according to his survey a driver stopped at the stop sign on Highway 441 should be able to see 355 feet to his left on Highway 1036 from its intersection with Highway 441. However, that survey was made more than one year after the occurrence of the accident, and there is no evidence that the visibility distances had not changed.
The trial court properly dismissed the suit against William Lewis. Although the record contains no reasons for judgment or findings of fact, the trial court must have found the defendant, the Louisiana Department of Highways, and plaintiff, Patricia Stewart, both negligent and joint tort-feasors. Judgment was rendered in favor of plaintiff, Larry Stewart, individually, and as the natural tutor of his minor daughter, Elizabeth Ann Stewart, and against the defendant, the Louisiana Department of Highways, for the total sum of $2,250.00; and in favor of the Louisiana Department of Highways and against Defendant in Reconvention, Patricia Stewart, for the sum of $1,125.00, which is one-half of the amount of the judgment against defendant, Department of Highways.
Our examination of the record convinces us that the defendant, the Louisiana Department of Highways, was negligent in permitting bushes and other vegetation to grow along the highway approaches to the intersection in such manner that they obstructed the vision of the drivers of the vehicles involved in the accident, and, hence, was the proximate cause of the accident. We are of the further opinion that Mrs. Patricia Stewart was, at least, contributorily negligent. She lived within one hundred and fifty yards of the intersection. She had passed it many times, and was necessarily familiar with it, and knew or should have known of the dangerous condition of the intersection. She drove her vehicle into the lane of the oncoming truck in such manner that the truck driver could not avoid striking her vehicle.
Mrs. Patricia Stewart at the time of the accident was driving a community automobile on a community mission. Her husband, Larry Stewart, was riding in the vehicle with her, and they were taking their daughter to the hospital for medical treatment. The jurisprudence in Louisiana is clear that the contributory negligence of a wife on a community mission will bar a husband's suit for damages. In Key v. Allstate Insurance Company, La. App., 255 So.2d 438, this court said:
"Negligence of a mother involved in a collision will bar her own recovery, and that of her husband for medical expenses, but will not bar an award for the injuries of a minor . . . child. Perry v. Herrin, La.App., 215 So.2d 167."
Therefore, the judgment of the trial court in favor of plaintiff, Larry Stewart, individually, must be reversed. However, the negligence of Patricia Stewart and her husband, will not bar an award for the injuries of their minor child, Elizabeth Ann Stewart, who was a guest passenger. Perry v. Herrin, La.App., 215 So. 2d 167; and Key v. Allstate Insurance Company, La.App., 255 So.2d 438. Larry Stewart, as the administrator of the estate of his minor daughter, has neither appealed nor answered the appeal from the award made by the trial court. The defendant, Louisiana Department of Highways, has not complained of that award. Based on our review of the evidence, we cannot say the award made by the trial court to Larry Stewart, as natural tutor of the minor, Elizabeth Ann Stewart, in the sum of $150.00, was either excessive or inadequate. However, since Mrs. Stewart was also guilty of negligence, the award in favor of *307 the Louisiana Department of Highways and against the Defendant in Reconvention, Mrs. Patricia W. Stewart, is amended and reduced to $75.00, with legal interest from judicial demand, until paid, to reimburse defendant, Louisiana Department of Highways, for one half of the judgment against it.
For the reasons hereinabove assigned, the judgment in favor of plaintiff, Larry Stewart, and against the defendant, the Louisiana Department of Highways, is reversed and set aside; and the judgment in favor of defendant, Larry Stewart, as the natural tutor of the minor, Elizabeth Ann Stewart, and against the Louisiana Department of Highways, for the sum of $150.00, together with legal interest thereon from judicial demand, until paid, is affirmed. The judgment in favor of the Louisiana Department of Highways and against the Defendants in Reconvention, Patricia W. Stewart, and her husband, Larry Stewart, is reduced to the sum of $75.00, together with legal interest from judicial demand, until paid, and as thus amended, is affirmed. Costs of this appeal to be paid by the plaintiffs-appellees.
Affirmed in part, reversed in part, and rendered.