FRUGE, Judge.
This is a left-turn automobile accident case. Plaintiff, Rev. Richard H. Harry, appeals from a judgment rejecting his demand for property damages to his automobile as a result of a collision with a vehicle driven by Bryan M. Perot. The trial court found that the accident occurred as a result of the negligence of the plaintiff. We affirm.
The accident occurred on Washington Street in Natchitoches, Louisiana, on February 8, 1974. The plaintiff Harry was driving his 1968' Cadillac in a northerly direction on Washington Street with the intention of making a left turn into the parking lot of Friendly Grocery Store. When he arrived at the point for him to execute the left turn he observed an automobile approaching from the opposite direction. Plaintiff, however, concluded that the turn could be executed in ample time and began to turn. His vehicle was struck by the approaching vehicle before he cleared the southbound lane into the parking lot. Plaintiff’s vehicle was struck on the right rear fender commencing slightly behind the right rear wheel.
The vehicle approaching from the north which struck plaintiff’s vehicle was an unmarked police car owned by the City of Natchitoches. The driver was Officer Bryan M. Perot. Two other officers were passengers in the vehicle at the time of the accident. All of the officers were plainclothesmen and the car they occupied was an unmarked 1970 Mercury Marquis.
Officer Perot testified that prior to the accident they had a call that a local bank was being robbed and that he speeded up to go there. At this point a portable blue emergency light was placed on the dashboard of the vehicle to warn motorists of their approach. However, a second call was received shortly thereafter that the alarm was false and the portable emergency light was turned off and Officer Perot reduced his speed somewhat. Perot testified that he was still heading for the bank as it was standing procedure that they do so despite the second call.
There is a hill on Washington Street, the top of which is approximately 500 feet north of the accident scene. Plaintiff Harry testified that before executing his turn he observed the Perot vehicle as it topped the hill, but thought he had time to turn. He contends that he would have been able to safely execute the turn except for the fact that Perot was still traveling at an excessive rate of speed after receiving the calls about the robbery and that Perot was therefore negligent. The record establishes that prior to applying his brakes Perot was traveling between 40 and 45 m. p.h. in a 35 m.p.h. zone.
The trial court did not rule on the question of Perot’s negligence, but found that plaintiff was negligent and dismissed the suit.
A left turn is a dangerous maneuver and is not to be made until the turning motorist first ascertains that it can be accomplished in safety. La.R.S. 32:104(A); Key v. Allstate Insurance Company, 255 So.2d 438 (La.App. 1st Cir. 1971). Because of this duty, when an accident occurs a left-turning driver bears the burden of explaining how the accident happened and exculpating himself from the inference of negligence. Key v. Allstate Insurance Company, supra; Huntsberry v. Millers Mutual Fire Insurance Co., 205 So.2d 617 (La.App. 3rd Cir. 1967).
Appellant contends that a motorist is not required to wait until there is no traffic in sight to make a left-hand turn on a city street, but may do so after he has made a close, careful survey of traffic conditions and believes such action is warranted. He further contends that he may rely on the assumption that oncoming motorists are observing speed limitations, and that the accident would not have occurred except for Perot’s excessive speed in a 35 m.p.h. speed zone.
*696 It is clear that a left-turning motorist is not required to wait until there is no oncoming traffic in sight where a determination is made that the turn can be executed with reasonable safety. Furthermore, there are statements in our jurisprudence which indicate that a left-turning motorist may rely on the presumption that oncoming traffic will observe the various duties imposed by law. See, e.g., Smith v. Employers Mutual Insurance Co. of Wisconsin, 179 So.2d 920, 922 (La.App. 2nd Cir. 1965).
However, in cases where proper observation would have revealed the violation of law, the party failing to make such observation is not entitled to rely on the presumption. As stated in Dorty v. Zurich Insurance Company, 236 So.2d 837, 839 (La.App. 2nd Cir. 1970):
“A motorist proceeding in compliance with the law has a right to assume that other motorists will likewise observe the law and that he can indulge this assumption until he sees, or should see, that such a motorist has not observed, or does not intend to observe, the law." (Emphasis added.)
In the case before us plaintiff Harry admitted that he observed Perot’s vehicle prior to executing the turn. He had the opportunity of observing the speed of the Perot vehicle. In these circumstances we hold that plaintiff is not entitled to rely upon any assumption regarding speed.
In Key v. Allstate Insurance Company, 255 So.2d 438 (La.App. 1st Cir. 1971), the plaintiff turned in front of defendant’s oncoming vehicle which the court determined to be traveling at an excessive speed.
Despite defendant’s excessive speed, the court found the plaintiff driver negligent in failing to exercise the proper degree of care in beginning her turn so as not to block the passage of defendant’s oncoming vehicle. “Mrs. Key was negligent in concluding her left turn could be made in reasonable safety.” 255 So.2d at 442.
The facts in the case before us are essentially similar to those in Key. If anything, Perot’s speed was not as excessive as that of the defendant’s in Key. We agree with the ruling of the trial judge that the plaintiff Harry was negligent in concluding that the left turn could be made in reasonable safety.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed to plaintiff-appellant.
Affirmed.