PRICE, Judge.
The primary question on this appeal is whether the trial court was in error in finding that the driver of the overtaking vehicle was solely at fault in causing the accident and failing to find contributory negligence on the part of the left-turning motorist. A second issue concerns whether the damages awarded were excessive.
*1274 The accident in question happened at 6:15 a. m. on July 18, 1977, near the southerly corporate limits of Stonewell in DeSoto Parish on Highway 171. For some distance, both north and south of the accident site, Highway 171 was a two-lane highway which was undergoing construction to convert it to a four-lane divided highway. This section of the highway had been made a no-passing zone by the department of highways. Plaintiff, Loin Jacobs, the owner and driver of the Dodge pickup, was driving northerly pulling a homemade flatbed trailer loaded with brick-laying equipment. As he attempted to turn left into the private driveway of a service station on the west side of Highway 171, his pickup was struck by the Ford tractor-trailer unit owned by Kimbrough Brothers Lumber Company and being driven by their employee, Roy Lee Coleman.
The determination of whose negligence caused or contributed to the accident in this instance hinges upon the resolution of the conflicting versions of the drivers of the subject vehicles of the events leading up to the collision.
Jacobs contends he had slowed to a speed between ten or fifteen miles per hour preparatory to making a left turn into the northerly driveway of the service station; that he turned on his left-turn indicator some 200 feet before beginning his turn; and that he looked for oncoming and overtaking traffic. He contends he observed the driver of the automobile immediately behind him slow his vehicle, and that it appeared the following traffic was responding to his signal to turn left. He contends he did not see the tractor-trailer driven by Coleman in the passing lane at this time, but was aware of its presence in the following traffic as he had noticed it come over a hill a few moments earlier. He further contends the front of the long-bed pickup had entered the driveway when the Coleman vehicle collided with the rear left side of his vehicle.
Coleman contends that as his vehicle came over a hill a short distance south of the accident scene, he saw the Jacobs truck and trailer and two following automobiles traveling very slowly, and as he continued toward these vehicles, the two automobiles began passing the plaintiff’s truck. He contends he also pulled into the westerly lane to pass, and that the pickup suddenly began making a left turn. He contends he blew his horn but the truck continued the turn and he was unable to avoid colliding with it. Coleman admits he was traveling approximately 50 miles per hour prior to the collision, and that he did not slow his speed as he approached and attempted to pass the slowing vehicles.
The trial court accepted Jacobs’ version of the accident and found the accident resulted solely from the gross negligence of Coleman in driving at an excessive rate of speed under the prevailing circumstances; in not maintaining proper control over his vehicle; in failing to maintain a proper lookout; and in failing to observe the left-turn signal or that the pickup truck and trailer was in fact making a left turn.
These conclusions by the trial court are in accord with the statutory and jurisprudential rules regulating the degree of care of a left-turning motorist if the court was correct in finding as a fact that Coleman was attempting to pass a line of several slowing vehicles.
Although the general rule is that a left-turn movement is a very hazardous maneuver and must not be attempted until the driver is certain it can be made in safety without endangering other motorist, the driver who gives a timely signal is not negligent when a following vehicle enters the passing lane attempting to pass two or more vehicles after the left-turning vehicle has commenced to turn. Dorty v. Zurich Insurance Co., 236 So.2d 837 (La.App.2d Cir.1970); Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494 (La.App.2d Cir. 1961 — cert. denied).
There is sufficient corroborating evidence in the record to support the acceptance by the trial court of plaintiff’s version of the accident and the court’s findings of fact are not manifestly erroneous or clearly *1275 wrong. Therefore, this court should not disturb the determination that the accident was caused solely by the negligence of Coleman.
Defendants complain on appeal that the award to plaintiff for loss of wages in an amount of $3,056.10 is not supported by the evidence. Primarily they contend the court erred in accepting plaintiff’s personal record of his gross income from bricklaying contracts for the prior year when the records kept by him did not correspond with his income tax return. Also defendants contend the court was in error in calculating his average weekly income on a forty-week work year rather than a fifty-week work year.
Neither of these complaints urged by defendants show an abuse of the discretion accorded a trial judge in fixing damages for loss of wages. Income tax returns are not conclusive evidence and other evidence which is more convincing to the trier of fact may be given more weight.
The court obviously considered that construction trades cannot work continuously because of inclement weather in using a forty-week work year rather than a full fifty-week work year in its calculations.
For the foregoing reasons, the judgment is affirmed at appellants’ cost.