No. 22,453.

MAY IRVIN, a Minor, by A. C. IRVIN, Her Father and Next Friend, *Appellant,* v. FINNEY COUNTY, *Appellee.*

### SYLLABUS BY THE COURT.

1. HIGHWAY — *Defective Highway—Injuries — Liability of County.* A county is not liable for defects in a highway unless it has been duly designated as a county highway, nor for defects in a bridge unless it has been wholly or partially constructed by the county.

2. HIGHWAYS — *Statutory Classifications—"County Roads"—"Township Roads."* Under the provisions of chapter 264 of the Laws of 1917, the board of county commissioners are required to make new classifications and designations of roads in the county, and by reason of this enactment all former designations were annulled.

3. SAME—*Defective Highway—Injuries—Road Not a "County Road"— County Not Liable.* The evidence herein failing to show that the road alleged by plaintiff to be defective had been duly designated under the governing statute as a county highway, it is insufficient to show a liability of the county for damages resulting to plaintiff from defects in the road, and the demurrer to plaintiff's evidence was rightly sustained.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed January 10, 1920. Affirmed.

*Ed. R. Bane,* and *H. A. Russell,* both of Scott City, for the appellant.

*Edgar Foster, Horace J. Foster,* both of Garden City, and *W. C. Pearce,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action plaintiff asks a recovery of damages from Finney county for injuries resulting from defects in a county road, of which the commissioners had notice. The defendant denied liability, and alleged contributory negligence. At the close of plaintiff's testimony, defendant challenged its sufficiency by a demurrer, which the court sustained, and judgment for defendant was rendered. Plaintiff appeals.

It was shown that plaintiff was riding in an automobile driven by her father along the road in question late in the

evening, and as they approached a bridge over an irrigation ditch, the lights of the automobile went out, and the driver, being unable to see the location of the bridge, ran the car to the side of the bridge and into the ditch. It was claimed that the road had been lately dragged, that the driver was following the dragged and beaten part of the highway supposing that the bridge was in line with the traveled part, whereas, the bridge was standing to one side of the center of the road and had no railing on it, and there were no danger signals indicating the location of the bridge. It is contended that the plaintiff did not prove that the road is or had been legally designated as a county highway so as to make the county liable for injuries suffered from defects in it. There is evidence showing that it was a township road prior to November 9, 1916, when an order was made by the board of county commissioners designating it as a county road, and after that time it was repaired and maintained by the county authorities. Without doubt it was a county road and maintained as such until 1917, and but for a change in the law it must have been so regarded at the time the accident occurred. It appears that the legislature of 1917 revised the road laws and, among other provisions, enacted:

"That as soon as practical after the taking effect of this act it shall be the duty of the county engineers and boards of county commissioners to classify and designate the roads in their respective counties, according to their relative importance, as 'county roads,' and 'township roads.' The 'county roads' shall be the main traveled highways, and shall connect as nearly as possible the cities and principal market centers of each county with each other, as well as to connect with the county roads in adjoining counties; provided, that in any county having a total of 1,000 miles of public highways or less the county engineer and board of county commissioners shall designate not less than 50 miles nor more than 150 miles as county roads, and in counties having more than 1,000 miles of public highways not less than ten per cent nor more than fifteen per cent shall be designated as county roads; provided further, that in counties having an assessed valuation of more than $50,000,000 not less than 100 miles nor more than twenty-five per cent of the total public road mileage shall be designated as county roads. All other public highways are 'township roads.' . . ." (Laws 1917, ch. 264, § 15.)

It will be observed that the act of 1917 was intended as the inauguration of a new system for the control and maintenance of public highways, giving the state highway commission and the state highway engineer considerable supervisory power,

and it also expressly repeals many of the provisions of the act of 1911. The act of 1917 does not undertake to preserve former classifications, nor to continue in effect former designations of county roads. The former act had such a provision. (Laws 1911, ch. 248, § 18, Gen. Stat. 1915, § 8772.) Instead of doing that, the legislature manifested a purpose to wipe the slate clean of all classifications and designations and to begin anew. The boards of county commissioners and county engineers were required to meet as soon as practicable after the new law went into effect and proceed to classify and designate the roads in their counties, none being excepted. All that they did not designate to be county roads are declared to be township roads. Besides, in the later act restrictions were imposed as to the mileage of roads that might be designated as county roads, fixing maximum and minimum limitations, and also providing another limitation based on the assessed valuation of the counties, thus evidencing an intention to bring all roads into a single system and within the scope of that act. Another feature of the later act indicating a purpose to set aside all former classifications and designations, is the provision giving the state highway commission and the state highway engineer supervisory powers in these matters. After the county commissioners and the county engineer have made designations throughout the county and a map of their work has been made, this map is forwarded to the state highway engineer, who is authorized to examine and revise the system and suggest such changes as he deems advisable and necessary. His revision is then returned to the county commissioners, who are to direct the county engineer to make changes and correct the map so as to conform with the recommendations of the state highway engineer. The system and map so instituted and made is then declared by resolution of the board to be the county road system, and is to be entered upon the journal of their proceedings.

There was no proof that any of the steps required had been taken by Finney county, nor that any designation of the highway in question as a county road had been made, as the existing law prescribes. It was essential for the plaintiff to prove that the defective road, or the negligence of the board of county commissioners in making it, was a liability specifi-

cally imposed by the statute, since "A county is not liable in damages for the negligence or wrongful acts of its board of county commissioners unless such liability is expressly imposed by the statute or necessarily implied therefrom." (*Silver v. Clay County*, 76 Kan. 228, syl. ¶ 2, 91 Pac. 55. See, also, *Eikenberry v. Township of Bazaar*, 22 Kan. 556; *Shawnee County v. Jacobs*, 79 Kan. 76, 99 Pac. 817; *Fisher v. Township*, 87 Kan. 674, 125 Pac. 94; *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409.)

The extent of the liability of counties for such damage and the conditions on which a recovery may be had against them are found in section 722 of the General Statutes of 1915. If the bridge is treated as something apart from the road in a proceeding to recover damages, there is a lack of evidence to show that it is a county bridge or one partially or wholly built by the county. The section last referred to provides that when a bridge has been wholly or partially constructed by the county, a recovery may be had against the county for damages resulting from defects in it, if due notice of the defects has been brought to the chairman of the board five days prior to the time the damage was sustained. Whether the bridge in question was built by the county or the township, or by the irrigation company, was not shown. To determine that it is a county bridge, or that damages were sustained by reason of defects in it so as to make the county liable, proof of the relation of the county to the bridge is essential. The legislature has made a classification of bridges distinct from the one applied to roads. It is—

"That all bridges or culverts built in this state at county expense, or for which the county has granted aid, shall be known as 'county bridges' or 'county culverts,' and shall be maintained thereafter under the direction of the county board and the county engineer at county expense. All bridges or culverts on township roads built at the expense of the several townships without county aid shall be known as 'township bridges' and 'township culverts,' and shall be maintained thereafter under the direction of the township board and the county engineer at township expense." (Laws 1917, ch. 80, § 7.)

Because of the insufficiency of the evidence, the court rightly sustained the demurrer to plaintiff's evidence, and its judgment is therefore affirmed.