No. 25,770.

MARY BOHM, *Appellant*, v. ALEX RACETTE, THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD et al., *Appellees*.

No. 25,771.

JOSEPH J. BOHM, *Appellant*, v. ALEX RACETTE, THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD et al., *Appellees*.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Untrimmed Hedge Fences—Liability of Owner for Injuries.* An owner of land adjoining crossing highways along which high hedges are permitted to grow so as to obstruct the view of those who at right angles approach the corner of the land at the intersection of the highways is not liable in damages to those who are injured in an automobile collision on the crossing of the highways.

2. SAME—*Untrimmed Hedge Fences—Liability of Local Authorities for Injuries.* Under the circumstances named in the first paragraph of this syllabus, neither the county nor the township in which the accident occurred is liable to those injured.

Appeals from Cloud district court; JOHN C. HOGIN, judge. Opinion filed June 6, 1925. Affirmed.

*N. J. Ward,* of Belleville, for the appellants.

*Charles L. Hunt, Frank C. Baldwin, C. J. Putt, Leon W. Lundblade,* and *M. V. B. Van De Mark,* all of Concordia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: These actions arose out of an automobile collision in which George Bohm, the husband of Mary Bohm, was killed, and Joseph J. Bohm was injured. Each of the defendants filed a demurrer to each of the petitions. All the demurrers were sustained except those of Alex Racette and Edmer Racette, and each of the plaintiffs appeals.

Joseph J. Bohm sued to recover for the injuries sustained by him. Mary Bohm, the widow of George Bohm, sued to recover the damages sustained by herself and the children of George Bohm. Joseph

J. Bohm and George Bohm were driving west in an automobile on the north side of the northwest quarter of section twenty-two in Elk township in Cloud county. Edmer Racette was driving another car north along the west side of the quarter section named. Alex Racette owned the car driven by Edmer Racette. The northwest quarter of section twenty-two in Elk township was owned by John Koch, Charles Koch and Mary Koch. A large hedge grew on the north and west sides of that quarter section. That hedge prevented anyone driving along the north side of it from seeing anyone driving along the west side of it, and prevented anyone driving along the west side of the hedge from seeing anyone driving along the north side of it. The hedge had not been trimmed as required by law. The hedge law, sections 29-416 to 29-420, inclusive, of the Revised Statutes, had been adopted in Cloud county. The roads were smooth and .in good condition. Those in each automobile did not see the other automobile approaching, and because of that fact the accident occurred. The plaintiffs sued Alex Racette and Edmer Racette for negligence in driving, sued the owners of the land for negligence in not trimming the hedge as required by law, and sued the county and township for negligence in not causing the hedge to be trimmed as required by law.

1. The action against the owners of the land is determined by *Goodaile v. Cowley County,* 111 Kan. 542, 207 Pac. 785, where this court said:

"The owners of land permitted high hedges to grow along public roads which crossed at the corner of their property; the hedge obstructed the view of one road from the other; a woman driving a horse and buggy along the road approached the crossing; the horse became frightened at an automobile which suddenly appeared at the crossing of the roads; the woman was thrown out and injured. *Held,* that the owners of the land are not liable in damages for the injuries sustained by her."

The appellants attempt to draw a distinction between that case and the present one, because in that case a horse became frightened at an approaching automobile and caused the accident. That action was based on negligence of the owner for not trimming the hedge as required by law, and the principle there declared controls here.

2. In *Goodaile v. Cowley County,* supra, the county had been sued, and the action had been dismissed against the county, so that there was nothing for this court to say concerning the liability of the county. In the present action neither the county nor the town-

ship is liable unless made so by statute. (*Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55; *Shawnee County v. Jacobs*, 79 Kan. 76, 78, 99 Pac. 817; *Anderson v. Cloud County*, 90 Kan. 15, 132 Pac. 996; *Irvin v. Finney County*, 106 Kan. 171, 174, 186 Pac. 975; *Eikenberry v. Township of Bazaar*, 22 Kan. 556; *Township of Quincy v. Sheehan*, 48 Kan. 620, 623, 29 Pac. 1084; *Gratney v. Wyandotte County*, 111 Kan. 160, 170, 207 Pac. 209, dissenting opinion.) No statute is cited making either county or township liable for the damages sustained for failure to trim the hedge or to cause it to be trimmed.

The plaintiffs seek to recover under section 68-301 of the Revised Statutes, which reads:

"Any person who shall, without contributing negligence on his part, sustain damage by reason of any defective bridge, culvert or highway may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge, culvert or highway constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect."

Plaintiffs argue that the high hedge was a defect in the highway within the meaning of that statute. With that argument the court cannot agree. The hedge was no part of the highway. So far as the highway was concerned, it did not matter whether there was a hedge there or not. It may have been big or little, and the highway be in perfect condition. The petitions allege that the highway was in good condition. A defect in a highway is something that interferes with movement over it. Roads in good condition made dangerous by something on the sides of them are not for that reason defective within the meaning of the statute on which the plaintiffs rely. Counties and townships are liable, under certain conditions, for defects in highways, but not for dangerous conditions that exist on the sides of them.

The judgments are affirmed.