## CITY OF WACO v. DARNELL.
### No. 1406–5595.

Commission of Appeals of Texas, Section A.

Feb. 4, 1931.

John McGlasson, City Atty., Geo. W. Morrow, and Bryan & Maxwell, all of Waco, for plaintiff in error.

Williams, Williams, McClellan & Lincoln, of Waco, for defendant in error.

CRITZ, J.

This suit was instituted in the district court of McLennan county, Tex., by Hazel Darnell, defendant in error, who for convenience we will hereinafter designate as plaintiff, against the city of Waco, Tex., plaintiff in error, who we will hereinafter designate as the city, for personal injuries alleged to have been sustained by the plaintiff while riding in an automobile driven by another. It is alleged that the automobile collided with a stump situated in Cleveland street in said city. The case was submitted to a jury on special issues, and in response to the verdict the trial court entered judgment for the plaintiff for $17,500. On motion for a new trial, $7,500 was remitted by plaintiff, and judgment final was entered for $10,000. This judgment was affirmed by the Court of Civil Appeals. 20 S.W.(2d) 409. The case is before the Supreme Court on writ of error granted on application of the city. We refer to the opinion of the Court of Civil Appeals for further statement of the case.

By proper assignments the city contends that the Court of Civil Appeals erred in not reversing and remanding this case on account of the misconduct of the jury while deliberating on their verdict. It is shown by the opinion of the Court of Civil Appeals, and by the record, that after the case had been submitted to the jury, and after the jury had been deliberating on their verdict for a day or more, and had agreed on answers to all issues submitted except the issue of the amount of damages, and while they were divided on this issue in amounts ranging from $10,000 to $40,000 one of the jurors stated that Miss Darnell would have to pay one-third or one-fourth of the recovery as attorneys' fees, and one or more of the jurors stated that she would have to pay from one-third to one-half for such purpose. After such statements and discussions, and after other members had informed the jury that it was not proper to consider or discuss the matter of attorneys' fees, the jury agreed on the verdict of $17,500. On motion for a new trial in the district court the sum of $7,500 was remitted by the plaintiff and the judgment allowed to stand for $10,000. The Court of Civil Appeals holds that the taint of misconduct

in discussing attorneys' fees was cured by this remittitur. The Court of Civil Appeals was in error in so holding. St. L. S. Ry. Co. v. Lewis (Tex. Com. App.) 5 S.W.(2d) 765; Id. (Tex. Com. App.) 10 S.W.(2d) 534.

In the Lewis Case, supra, it was shown that at the time of the misconduct, all of the jurors had agreed on all issues submitted to them except the amount of damages, and on this issue the lowest jurors were contending for $5,000 and the others for higher amounts. In the case at bar, at the time of the misconduct, the lowest jurors were standing for $10,000 and the others for higher amounts. In the Lewis Case the party obtaining the judgment offered to remit all of the judgment in excess of the amount contended for by the lowest juror. In the instant case the party obtaining the judgment has remitted all of the judgment in excess of the amount contended for by the lowest juror. Thus the question of law as to whether the taint of misconduct can be cured by remitting the part of the judgment in excess of that contended for by the lowest juror is exactly the same in the present case that it was in the Lewis case. In the Lewis case this section of the Commission speaking through the writer held:

"Under this state of the record, we are unable to say that a remittitur of the part of the judgment in excess of $5,000 would cure the error and eliminate the taint of misconduct, for the reason that to so hold would, in effect, be holding that, had the misconduct not occurred, the jury would have reached a verdict for an amount at least as great as that contended for by the lowest juror, and this we cannot hold, for the reason that we have no way of knowing that the jury would have reached a verdict at all, had said misconduct not occurred, even if it be conceded that the jury was not likely to have agreed on a verdict in an amount less than that contended for by the lowest jurors."

In the instant case, we are unable to say that the remittitur of the part of the judgment in excess of $10,000 would cure the error and eliminate the taint of misconduct for exactly the same reason that we were unable to say that the tendered remittitur would have done so in the Lewis Case.

The Court of Civil Appeals in the instant case holds that the case of El Paso Electric Company v. Whitenack (Tex. Civ. App.) 297 S. W. 258; Id. (Tex. Com. App.) 1 S.W.(2d) 594, and I.-G. N. Ry. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578, are authorities for holding that the remittitur cures the vice of misconduct in the instant case. In our opinion neither of these cases have application here, and neither of them conflict with the holding in the Lewis Case.

In the Whitenack Case, supra. it is shown that the assignment expressly stated that $250 was allowed by the jury as attorneys fees, and further it was shown that all of the jurors agreed on $1,000 prior to and independent of any consideration of attorney's fees, and after the misconduct added $250 for such fees. Under such a record the Commission held that the part of the verdict tainted by misconduct could be separated from the untainted portion.

In the Cooper Case the record discloses that all of the jurors agreed upon one item of $7,500 in which there was no element of taint. Therefore this item could be allocated and the judgment for such untainted portion allowed to stand.

Since this case must be reversed on account of the misconduct of the jury during its deliberations, we deem it advisable, in view of another trial, to express our views in a general way on other assignments presented in the application.

The rule of immunity from liability of a city in the exercise of governmental functions extends to discretionary powers, and generally there is no liability for damages resulting either from the failure to exercise, the manner of exercising, or errors of judgment in exercising, such discretionary powers. 43 C. J. p. 928, par. 1704. The city has the right in the exercise of its discretionary powers to decide the width of its streets and the width it would improve the same. R. C. S. of Texas, art. 1175, pars. 17 and 18; 43 C. J. p. 952, pars. 1730 and 1731; Id. p. 1006, par. 1790. It follows that the city's exceptions to the plaintiffs pleadings, and the evidence offered by her on this question, should have been sustained. Also such issues should not have been submitted to the jury. In this connection we further hold that the municipal duty is not confined absolutely to keeping the street, or the traveled or improved portion thereof, in proper condition, and one injured by a defect or obstruction outside the street, or traveled or improved portion thereof, may still be entitled to recover if such defect or obstruction by reason of its proximity to the street, or traveled or improved portion thereof, renders it not improbable that such defect will result in injury to those using the street or traveled or improved portion thereof in the ordinary manner and while exercising due care. City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; 47 C. J. page 1008, par. 1791.

The views we have expressed dispose of such assignments as we think will likely arise on another trial.

We recommend that the judgments of the Court of Civil Appeals and the district court be both reversed, and this cause remanded to the district court for a new trial.

**CURETON, C. J.**

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.