OWENS *v.* TOWN OF BOONEVILLE.

In Banc. April 25, 1949.

(40 So. (2d) 158)

Windham & Cunningham, for appellant.

Donald Franks, for appellee.

348

**Hall, J.**

The appellant, a minor suing by her father as next friend, brought suit against appellee, an incorporated municipality, for the recovery of damages on account of personal injuries sustained by her in a collision of two automobiles at an interscetion of two public streets in said town.

The declaration and a bill of particulars thereon charged that the appellant was riding in an automobile driven by her father and traveling east on Washington Street, and that this automobile collided in the intersection with another automobile driven by Willie Pate and traveling south upon First Street, as a result of which the automobile of plaintiff's father was hurled several feet into the air and she sustained serious injuries. It is charged that the municipality had negligently permitted high grass, weeds and bushes to grow up in both streets and that the same extended approximately fifteen feet out into Washington Street on the north side thereof and more than fifteen feet into First Street on the west side thereof, leaving less than twenty feet for a travel way, and that by reason thereof the view of persons entering said intersection was obscured. The municipality was further charged with negligence in failing to install reasonable warning signals at the intersection. A demurrer to the declaration was sustained and, the appellant having declined to plead further, her suit was dismissed, from which action of the lower court she appeals.

Appellant contends that a sufficient case was stated for submission to a jury on the question of appellee's negligence. Both parties state that they have not been able to find any case in point, and we have likewise been unable to do so, but we shall consider the case under the

general principles governing the duty of municipalities with respect to their public streets. It has been repeatedly declared by this court that it is the duty of a municipality in this state to exercise ordinary care to keep its streets reasonably safe *for use by persons exercising reasonable care and caution.* City of Greenville v. Laury, 172 Miss. 118, 159 So. 121; City of Hazelhurst v. Matthews, 180 Miss. 42, 176 So. 384, and the authorities therein cited.

When it is said that this duty is owing to keep the streets in a reasonably safe condition for use by persons exercising reasonable care and caution for their own safety, it is not meant to imply that contributory negligence of an injured person would bar a recovery, for such an implication would be in violation of Section 1454, Mississippi Code of 1942, providing that contributory negligence of an injured person shall not bar a recovery but shall only require a diminution in the amount of damages recoverable. The qualification, however, is to be considered in determining the extent of the duty of municipalities with respect to their streets.

In the case presented by the record here it appears that the town maintained for public travel a portion of its street approximately twenty feet in width. There is no complaint of any defect in that portion of the street which was maintained for public travel. The only complaint is with reference to that strip of about fifteen feet in width which was not maintained for public travel, and that complaint is not that there was any hole, obstruction or other defect which made hazardous that portion which was open for public travel except the fact that nature had filled the untraveled portion with high grass, weeds and bushes, and that the town had negligently failed to remove or cut down the same and had negligently failed to provide a warning signal at the intersection. There was nothing dangerous in the permissive growth of the grass, weeds and bushes; these growths were not themselves sufficient to have caused an injury to a person

using the traveled portion of the street in the exercise of reasonable care for his own safety and protection.

In the case of Gulfport & Mississippi Coast Traction Co. and City of Biloxi v. Manuel, 123 Miss. 266, 85 So. 308, it was held that a municipality is not under duty to maintain the entire width of a street in condition for public travel, and that a user of vehicles is not entitled to the use of the entire street from property line to property line. In that case the street was about thirty seven feet wide, and the portion set apart and maintained for public travel was about eighteen feet wide. In the case of McComb City v. Hayman, 124 Miss. 525, 87 So. 11, substantially the same rule was again announced.

We cannot close our eyes to the fact that throughout this state and, in fact, throughout all the states of the Union, in the improvement and beautification of streets it is common practice for municipalities to set apart in wide streets neutral grounds extending from corner to corner down the center of such streets, and to improve and maintain a strip of such streets for public travel on either side of such neutral grounds, and that these neutral grounds are planted with shrubbery, flowers, and even trees which have a tendency to obstruct the vision of travelers at intersections. There is no difference in principle whether vision be obscured by high grass, weeds and bushes, or by flowers, shrubbery and trees, and we decline to be the first court to hold that a municipality is liable in damages resulting from the collision of two automobiles when the vision of the drivers is obscured at such intersections.

Appellant cites and relies upon that line of cases holding railroads liable for injuries at public crossings when rights of way are permitted to grow up with high grass and bushes so as to obstruct the vision of highway travelers up and down the railroad tracks and so as to obstruct the vision of engineers and prevent from seeing vehicles approaching a public crossing. In those cases, where

the courts have held a railroad liable, the fact of the growth of high grass and bushes along a right of way has been only one element entering into the finding of negligence, such obstructions usually requiring added care on the part of an engineer as to the speed of the train or as to warning signals to be given when a train is approaching the crossing, and in each of those cases the defendant permitting such obstruction of vision was an active participant in the proximate cause of the injury inflicted, that is to say, in each of such cases, the defendant's own train caused the injury. Those cases are clearly distinguishable from the facts presented in the case at bar.

We are of the opinion that appellant has not stated a case sufficient to justify submission thereof to a jury, and that, consequently, the judgment of the lower court should be affirmed.

Affirmed.