Michael Catalano, J.
Defendants, Town of Hume (“ Hume ”) and Ivan P. Vedder (“ Vedder ”) seek a summary judgment against plaintiff.
*470 The court finds these facts.
June 19, 1968, while infant plaintiff, Audry K. Sylor (“ Audry ”), was riding as a passenger on a Honda motorcycle operated by-defendant, Robert B. Irwin (“Irwin”), it was struck by an automobile owned by defendant, Edward Wilmot (“ Edward ”), and operated by defendant, S. Kenneth Wilmot (“Kenneth”) on Dugway Road, Town of Hume, County of Allegany, New York. The motorcycle was being driven westerly out of a private driveway across Dugway Road which runs north and south, and on which the Wilmot car was being driven northerly at the time of the accident.
The claimed negligence of Hume and Vedder was that they “ were negligent in failing to properly maintain Dugway Road, in the vicinity of the accident; in failing to cut and remove brush, trees and other growth growing within the bounds of Dugway Road; in failing to install and maintain traffic signs to warn users of the highway of the intersection of the highway with a driveway and that visibility was impaired by reason of brush, trees and other growth growing within the bounds of the highway; and in failing to appropriate adequate funds to properly maintain Dugway Road. ’ ’
Brush and trees were growing on June 19,1968 from the ditch on the easterly side of Dugway Road for 200 to 400 feet southerly from the said private driveway. In the 200 feet south of the driveway, no brush at any point covered or extended onto the gravel or traveled portion of Dugway Road.
Vedder had planted trees in the right of way to aid in flood control, and the tree trunks were within three feet of the gravel, traveled portion of the highway. Vedder was aware of the situation about which he had received complaints before the accident, but he did nothing about it because he was waiting for a piece of equipment. Brush was growing up to the shoulder of the road and stuck out into the beaten path at points south of the Sylor driveway where the accident happened.
Brush prevented the operators of the vehicles from seeing each other. When Irwin brought his motorcycle to the edge of the gravel, he could not see a car length to the south because of the brush which was 12 to 15 feet high and so heavy on the right side of the road that for 50 feet -south of the point of the accident the brush prevented Kenneth from -seeing the driveway.
Hume and Vedder contend that they owed plaintiff no duty: (1) To cut and remove brush, trees or other1 growth off the side of the traveled portion of the road for visibility at or near a private driveway; (2) To install or maintain any signs in *471 regard to visibility at or near a private driveway. The court agrees.
The only statutory requirement for the removal of brush from town highways is subdivision 7 of section 140 of the Highway Law, which requires the Town Superintendent to ‘ ‘ cause briers, brush and noxious weeds growing within the bounds of town highways to be cut and removed between July fifteenth and August fifteenth, and as many other times as he may deem necessary, in each year.5 5
This statute is not to provide a view, but for reasons of health to remove “briers, brush and noxious weeds.” “Brier” means: “Any of various thorny plants or bushes, especially a pricldy-stemmed rosebush.” (The American Heritage Dictionary, William Morris, Editor, 1969) “ Brush ” means: “ A dense growth of bushes or shrubs.” (Ibid.) “ Noxious ” means: 11 Injurious or harmful to health or morals.5 5 (Ibid.) “Weed ’ ’ means: “A plant considered undesirable, unattractive, or troublesome” (Ibid.).
No mention is made in this statute of “ trees ” or “ leaves,” yet these are the two most common obstructors of view, especially when in full bloom between July 15 and August 15.
It is presumed that private owners abutting the ‘ ‘ bounds of town highways ” will remove these troublesome growths, if necessary or desirable.
Judicial notice is taken that “ hay-fever ” is: “ Autumnal catarrh; an acute irritative inflamation of the mucous membranes of the eyes and upper respiratory passages accompanied by itching and profuse watery secretion, followed later by bronchitis and asthma; the individual attack recurs annually at the same or nearly the same time of the year, either, spring, summer, or late summer and autumn, caused by the pollen of trees, grasses, and flowering shrubs, respectively.” (Stedman’s Medical Dictionary, 19th Rev. ed., 1957.)
It is irresistible that subdivision 7 of section 140 of the Highway Law is a health statute rather than a traffic statute.
“ A mere obstruction of the view of a traveler by some object, substance, or condition has been held not to constitute a defect in the way within the operation of the rules and provisions imposing liability for injuries caused by defects. 25 Am. Jur., 784 Highways, § 500.” (Ann. 42 ALR 2d 817.)
“ The authorities appear to be in accord that in the absence of a statute creating such liability, a municipality or other governmental unit is not liable for damages growing out of an accident at a highway intersection or railroad crossing on the *472 ground that it failed to cut weeds, brush, or other vegetation obstructing or obscuring the view at the intersection or crossing, or to require that it be cut. ’ ’ (Ann. 42 ALR 2d 817.)
Where no common-law duty exists to remove obstructions to the view at two intersecting highways, a fortiori, as here, there is no such duty when a private driveway provides access to a dirt town road which is not an “ intersection ” within the meaning of subdivision (a) of section 120 of the Vehicle and Traffic Law. ‘ ‘ The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles upon different highways joining at any other angle may come in conflict.” (Emphasis supplied.)
Subdivision 7 of section 140 of the Highway Law may be distinguished from a safety statute such as section 195.29 of the Wisconsin Statutes “ Bailroad highway crossings * * * (6) View at crossings; trees and brush near crossings; forfeiture. * # * Every municipality shall keep the public highways within its jurisdiction clear of brush and shall adequately trim all trees within 330 feet of the center of any railroad highway grade crossing. ’ ’ This Wisconsin statute imposes a continuous duty, which did not exist at common law, upon the municipality involved. (Bosin v. Minneapolis, St. Paul & Sault Ste. Marie R. R. Co., 183 F. Supp. 820, 822, n. 2, 824, 825, affd. 297 F. 2d 583.) It clearly contains no health purposes; it is aimed at ‘‘ view at crossings. ’ ’
No statute in New York State mandates the placement of warning signs at, or near, crossings of roads and private driveways, or the placement of signs to give notice of poor visibility at such crossings. Section 1682 of the Vehicle and Traffic Law, 1 ‘ Local traffic-control devices,” provides, in part: “Local authorities in their respective jurisdictions shall place and maintain such traffic-control devices, conforming to the state manual and specifications, as they may deem necessary to indicate and carry out the provisions of this chapter or local traffic ordinances, orders, rules or regulations or to regulate, warn, or guide traffic ”. The manual does not require or recommend warning signs for driveways. Thus, Hume owes no duty to install and maintain signs warning of crossings with private driveways where visibility is impaired.
No question of fact exists.
Motion granted, without costs.