David L. JEZEK, Individually and as Next Friend of Calvin Keith Jezek, a Minor, Appellant,

v.

CITY OF MIDLAND, Appellee.

No. 6816.

Court of Civil Appeals of Texas, El Paso.

Aug. 22, 1979.

Rehearing Denied Oct. 3, 1979.

Law Offices of Warren K. Heagy, Warren K. Heagy, Odessa, William B. Smith, Midland, Erwin A. Elias, Waco, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Richard E. Booth, David K. Brooks, Joseph M. Nuessle, City Atty., J. Bryan Martin, Asst. City Atty., Midland, for appellee.

Joseph G. Werner, Asst. City Atty., Dallas, for Texas City Attorneys' Ass'n, amicus curiae.

## OPINION

PRESLAR, Chief Justice.

This is a personal injury suit growing out of an automobile intersection collision. The principal question involved is the liability of a municipality for failure to remove weeds and trees obstructing or obscuring the view at a street intersection. Following a trial by jury, the trial Court rendered judgment for the Defendant City. We affirm.

Appellant brought this suit against the City of Midland for injuries suffered by his minor son when he drove his car into a "T" intersection of streets and was struck by a motorist approaching from the left. The striking motorist is not a party to the suit; rather, it was against the City of Midland on allegations that the City was negligent in failing to remove the brush and trees at the corner of the intersection so that a driver, situated as was Plaintiff's son, could see traffic approaching from the west; in failing to properly maintain the intersection in question; and in failing to put a stop sign at the intersection. In answer to Special Issues numbered 1, 2 and 3, the jury found that mesquite and other brush had grown up at the intersection; that this brush obstructed the view; and that the City knew or should have known of the obstruction of view existing at the intersection. It was also found by the jury that the City failed to maintain the intersection in a reasonably safe condition, and such was negligence and a proximate cause of the injuries sustained. Negligence was also found on the part of Appellant's son, and that 35% of the negligence causing the accident was attributable to him and 65% to the City.

Appellant relies on the well established law that maintenance of streets in a safe condition is a proprietary function, and a city is therefore liable for its negligence in the performance of this function. *City*

of Galveston v. Posnainsky, 62 Tex. 118 (1884); City of Austin v. Schmedes, 154 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680 (1955); City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180 (1960); Lebohm v. City of Galveston, 154 Tex. 192, 275 S.W.2d 951 (1955); City of Houston v. Glover, 355 S.W.2d 757 (Tex.Civ. App.—Waco 1962, writ ref'd n. r. e.); City of Houston v. George, 479 S.W.2d 257 (Tex. 1972); City of Waco v. Darnell, 35 S.W.2d 134 (Tex.Com.App.1931); City of Dallas v. Maxwell, 248 S.W. 667 (Tex.Com.App.1923, opinion approved). The duty is not limited to the traveled portion of the street alone, but extends to the prevention of defects outside the traveled or improved portion of the street if its proximity thereto renders it probable that such defect will result in injury to those using the improved portion of the street. City of Houston v. Glover, supra; City of Waco v. Darnell, supra; City of Dallas v. Maxwell, supra. We are of the opinion that the rule cited has no application to this case because the defect here involved was that of an obstruction of view only.

 We hold that the controlling rule of law in this case is stated in Ynsfran v. Burkhart, 247 S.W.2d 907 (Tex.Civ.App.— Austin 1952, writ ref'd n. r. e.):

> The failure of a city to remove obstructions to view existing on an unimproved portion of the street does not constitute a breach of duty to maintain its streets. Owens v. Town of Booneville, 1949, 206 Miss. 345, 40 So.2d 158; Barton v. King County, Wash.1943 [18 Wash.2d 573] 139 P.2d 1019; Goodaile v. Board of Com'rs of Cowley County, 111 Kan. 542, 207 P. 785.

This case, like the one before us, involved a collision between two motorists and the defendant in a suit that followed empleaded the City of Austin contending negligence on the part of the City as concerned conditions of the intersection. The court there noted what is also true in this case, that there were no allegations that either the appellants or appellees struck any defect, hole or obstruction in or near the streets in question. It then made the statement above

quoted which appears to be well established law in other jurisdictions outside of Texas.

In 25 Am.Jur. Highways Sec. 500 at 784 (1940), it is stated:

> A mere obstruction of the view of a traveler by some object, substance, or condition has been held not to constitute a defect in the way within the operation of the rules and provisions imposing liability for injuries caused by defects.

That rule is the subject of an Annotation in 42 A.L.R.2d 817 which states:

> The authorities appear to be in accord that in the absence of a statute creating such liability, a municipality or other governmental unit is not liable for damages growing out of an accident at a highway intersection or railroad crossing on the ground that it failed to cut weeds, brush, or other vegetation obstructing or obscuring the view at the intersection or crossing, or to require that it be cut.

Cited in support of the statement are Goodaile v. Board of Com'rs of Cowley County, 111 Kan. 542, 207 P. 785 (1922); Bohm v. Racette, 118 Kan. 670, 236 P. 811, 42 A.L.R. 571 (1925); Owens v. Town of Booneville, 206 Miss. 345, 40 So.2d 158 (1949); Ynsfran v. Burkhart, supra; Barton v. King County, 18 Wash.2d 573, 139 P.2d 1019 (1943); Bradshaw v. City of Seattle, 43 Wash.2d 766, 264 P.2d 265, 42 A.L.R.2d 800 (1953). Later cases following the rule announced in the Annotation are: from Oklahoma—Williams v. Bristow, 350 P.2d 484 (Okl.1960); from North Dakota—Belt v. City of Grand Forks, 68 N.W.2d 114 (N.D.1955); from Arizona— Boyle v. City of Phoenix, 115 Ariz. 106, 563 P.2d 905 (1977); Hidalgo v. Cochise County, 13 Ariz.App. 27, 474 P.2d 34 (1970); from New York—Sylor v. Irwin, 62 Misc.2d 469, 308 N.Y.S.2d 937 (1970); from Washington—McGough v. City of Edmonds, 1 Wash.App. 164, 460 P.2d 302 (1969). And, see 39 Am.Jur.2d Highways Sec. 462 at 860 (1968). The rule of no liability for obstruction of view is also recognized by a well known authority—19 McQuillin, Municipal Corporations, Sec. 54.69a Municipal Liability for Defective Streets—Obstructions to View at 177 (3d ed. 1967).

*Stewart v. Lewis,* 292 So.2d 303 (La.App. 1974), is the only case which our research has uncovered that is a clear cut ruling contrary to the above authorities, and it cites no authority for its holding. All other out of state cases cited by Appellant and uncovered by our research contain some distinguishable feature such as negligence based on the establishment of a nuisance, *Coppedge v. Columbus,* 134 Ga.App. 5, 213 S.E.2d 144 (1975), or a duty created by statute or ordinance, *Dudum v. City of San Mateo,* 167 Cal.App.2d 593, 334 P.2d 968 (1959); *Evans v. Allstate Insurance Company,* 340 So.2d 634 (La.App.1976); *Dabov v. Allstate Insurance Company,* 302 So.2d 697 (La.App.1974); *Dupre v. Evangeline Parish Police Jury,* 315 So.2d 148 (La.App.1975). While we are of the opinion that the authorities compel us to follow the rule of *Ynsfran v. Burkhart,* we are further of the opinion that the rule is sound. It is not in conflict with the general rule that a municipality is liable for defects for hazards within the street or in close proximity thereto. The basis of that liability was expressed early by the Commission of Appeals in *City of Dallas v. Maxwell,* supra. In speaking of such defects, the court said:

> And such condition, to come within the purview of reasonable foresight, need not necessarily be confined to the street itself, but may arise by reason of its proximity to the street, *which would render it not improbable that it would result in injury to those using the street in the ordinary manner and while exercising due care.* [Emphasis added.]

This rule was repeated by the Commission of Appeals in *City of Waco v. Darnell,* supra, the court saying that the city's duty is not confined to keeping the street or the traveled or improved portion in proper condition, but that one injured by a defect or obstruction outside the street may still be entitled to recover "if such defect or obstruction by reason of its proximity to the street, or traveled or improved portion thereof, renders it not improbable that such defect will result in injury to those using the street . . ." The Supreme Court repeated the reason or basis for the rule in *City of Houston v. George,* supra, Justice Reavley saying:

> The basis of the liability was the rule that requires a municipality to protect the *user of a roadway* from a condition beyond the road itself but which presents a recognizable danger to the normal *user of the road.* Prosser, Law of Torts, 352 n. 19 (4th ed. 1971).

The defect here is an obstruction of the view of moving vehicles; absent such vehicles, the defect is not such as would result in injury to those using the street in the ordinary manner. The street itself is safe. It is only when you have another car involved that there is any danger. This is discussed in the cited case of *Bradshaw v. City of Seattle,* supra, which was a collision between an automobile and a diesel engine. In *Bohm v. Racette,* supra, liability for defects in a highway was imposed by statute, but it was held that obstruction to view was not such a defect and there was no liability for a resulting intersection collision; it was held that the defect, within the meaning of the statute, is something that interferes with movement over the highway. If the street itself is safe, then the only danger arises from other motorists. It is a matter of traffic regulation, i. e., the prevention of collisions between motorists caused by a blind intersection. Appellant, in fact, recognized this and pled that the City was negligent in failing to erect a stop sign at the intersection in question. However, the case was not tried on that basis but solely on the basis of the proprietary function of maintaining streets.

 It is well settled that the regulation of traffic is not a proprietary function but is a governmental function as a reasonable exercise of police power. *Voight v. City of Corpus Christi,* 419 S.W.2d 445 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n. r. e.); *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (1960).

*Ynsfran v. Burkhart,* supra, like the case before us, involved a collision between two automobiles and not a collision with a defect or obstruction in or near the traveled portion of the street. It was decided after

**924**

the cases of *Dallas v. Maxwell* and *City of Waco v. Darnell,* supra, and clearly recognized the rule of law announced in those cases. The court in *Ynsfran v. Burkhart,* supra, said:

> We recognize the rule that in maintaining streets, the City has the duty to prevent obstructions or defects outside the travelled or improved portion of the street if its proximity thereto renders it probable that such defect will result in injury to those using the improved portion of the street in the ordinary manner, and while using due care. *City of Waco v. Darnell,* supra.

The holding in *Ynsfran v. Burkhart* is controlling of our decision here.

We hold that the City of Midland had no duty to Appellant to remove mere obstructions to view and is not liable to Appellant as a matter of law. We overrule Appellant's three points of error, and our decision makes it unnecessary to consider Appellee's counterpoints.

The judgment of the trial Court is affirmed.