Julie A. WALKER, Dennis C. Walker and Jason Walker, by his Guardian ad Litem, C. L. Gaylord, Plaintiffs-Appellants,

v.

Bryan S. BIGNELL, Ann Bignell, Mutual Service Insurance Company, a foreign corporation, Defendants,

PEPIN COUNTY, a Wisconsin mutual corporation, Employers Mutual Liability Insurance Company of Wisconsin, a Wisconsin corporation, Waterville Township, a Wisconsin municipal corporation, Elwood Myers and Francis Sam, Defendants-Respondents.†

Court of Appeals

*No. 79–1674. Submitted on briefs March 11, 1980.—Decided April 8, 1980.*
(Also reported in 292 N.W.2d 355.)

† Petition to review granted. ABRAHAMSON, J., took no part.

For the appellants the cause was submitted on the briefs of *C. M. Bye, Stuart J. Krueger* and *Gaylord, Bye & Rodli, S.C.,* of River Falls.

For the respondents Pepin County, Employers Mutual Liability Insurance Company of Wisconsin and Elwood Myers the cause was submitted on the brief of *Douglas M. Johnson* and *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

For the respondents Waterville Township and Francis Sam there was a brief by *Dane F. Morey* and *Whelan, Morey, Ricci & Chambers, S.C.,* of Durand.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J. Automobiles driven by Julie Walker and Bryan Bignell collided at a rural intersection in Waterville Township, Pepin County, Wisconsin. Walker commenced this action to recover damages for injuries she and her son sustained in the accident. For her claim against the municipal defendants and their agents, Walker claimed that weeds, grass, and brush had grown so high at the intersection that it obstructed both drivers' vision, thus contributing to the accident. The municipalities denied the existence of any duty on their part to cut weeds or maintain the area adjacent to the roadways, and moved for summary judgment dismissing the complaint as to them. The trial court granted this motion, and Walker appeals.

On appeal of a grant of summary judgment, our review is the same as that of the trial court.[1] The complaint alleges that Waterville Township, Pepin County, and their agents were negligent in failing to keep the areas adjacent to the roadways in the area of the accident clear of weeds and grass. For this failure to be negligence, there must have been a duty owed by the county and the town to Walker as a motorist to keep the area clear. The existence of this duty is a question of law.[2]

Walker concedes that there is no statutory duty to cut weeds at intersections so as to improve visibility. Section 81.15, Stats., denotes a duty with respect to highway defects. Wisconsin case law has clearly limited the application of the statute to the maintenance of the traveled portion of the roadway.[3] Walker's complaint relates solely to the untraveled right-of-way. Section 66.96, Stats., requires the cutting of noxious weeds along the roadway. It is apparent from a reading of this section, however, that its primary purpose is to limit the spread of noxious weeds and not to promote highway safety. Section 66.96 cannot be characterized a safety statute and imposes no duty to motorists.[4]

Walker argues that a municipality need not have its duties specifically denoted in a statute in order to create a cause of action. She contends that there exists a common law duty beyond the statutory duty in this area. She further contends that the county and the township contributed to the creation of such a duty by their history of cutting weeds.

[1] *Wright v. Hasley*, 86 Wis.2d 572, 273 N.W.2d 319 (1979); §802.08(2), Stats.

[2] *Coffey v. City of Milwaukee*, 74 Wis.2d 526, 247 N.W.2d 132 (1976).

[3] *Weiss v. City of Milwaukee*, 79 Wis.2d 213, 255 N.W.2d 496 (1977); *Foss v. Town of Kronenwetter*, 87 Wis.2d 91, 273 N.W.2d 801 (Ct. App. 1978).

[4] *Schicker v. Leick*, 40 Wis.2d 295, 162 N.W.2d 66 (1968); *Meihost v. Meihost*, 29 Wis.2d 537, 139 N.W.2d 116 (1966).

We find no Wisconsin case creating a duty on the part of a municipality to cut weeds along a roadway to improve visibility except at railroad crossings. Walker mistakenly relies on a Wisconsin case[5] in which the court recognized a municipality's general duty to maintain its sidewalks in a reasonably safe condition for pedestrian travel.[6] The court concluded that snow and ice accumulated on a sidewalk for a period of over three weeks was actionable negligence, under the circumstances presented, regardless of whether the snow and ice constituted a defect in the sidewalk. In addition, the court noted that sec. 66.615(5), Stats., "requires a duty to clean sidewalks of snow and ice in all cases where abutting owners or occupants fail to do so . . . ."[7] This case is distinguishable on its facts. The case involves a clearly enunciated duty, both statutory and common law, which is concerned solely with the traveled portion of a sidewalk. While we would agree that it is the general duty of a municipality to keep its public streets in a reasonably safe condition for travel,[8] we cannot conclude that this provides a proper basis for creating a duty to maintain areas adjacent to the streets.

Reviewing pertinent decisions by other jurisdictions, we find that, in the absence of a statute creating liability, a public authority is not liable for damages resulting from an accident at a highway intersection on the ground that it failed to cut weeds, brush, or other vege-

[5] *Stippich v. City of Milwaukee,* 34 Wis.2d 260, 149 N.W.2d 618 (1967).

[6] *Webster v. Klug & Smith,* 81 Wis.2d 334, 260 N.W.2d 686 (1978); *Stippich, supra* note 5; *Smith v. Clayton Constr. Co.,* 189 Wis. 91, 206 N.W. 67 (1925); *James v. City of Portage,* 48 Wis. 677, 5 N.W. 31 (1880).

[7] *Stippich, supra* note 5, at 270, 149 N.W.2d at 623.

[8] *Kawiecka v. City of Superior,* 136 Wis. 613, 118 N.W. 192 (1908). *See generally Stippich, supra* note 5.

tation obscuring the view.[9] Of the states that have specifically considered this issue, only Louisiana, a civil law jurisdiction, has reached a contrary conclusion.[10] We adopt the majority view.

Finally, the record establishes that the Pepin County Highway Department cuts the weeds along the county roads and also is responsible for weed control along the Waterville town roads. Waterville Township pays Pepin County for this service. Weed cutting is done two or three times during the summer months. The frequency and location of weed cutting is at the discretion of the highway department and depends upon such factors as the amount of rainfall and the general highway maintenance workload. This weed cutting is done all along the roadway pursuant to sec. 66.96, Stats., for the purpose of weed control. The county, by this practice, has not created a duty to cut the vegetation at intersections so as to improve visibility as Walker contends.

We conclude that no duty exists on the part of a Wisconsin municipality to cut grasses and weeds at intersections to improve motorists' view. As there is no duty, there can be no liability. Accordingly, we affirm the trial court's grant of summary judgment in favor of

[9] 39 AM. JUR. 2d Highways §462 (1968); Annot., 42 A.L.R.2d 817 (1955); Boyle v. City of Phoenix, 115 Ariz. 106, 563 P.2d 905 (1977); Bohm v. Racette, 118 Kansas 670, 236 P. 811 (1925); Owens v. Town of Booneville, 206 Miss. 345, 40 So.2d 158 (1949); Belt v. City of Grand Forks, 68 N.W.2d 114 (N.D. 1955); Sylor v. Irwin, 308 N.Y.S.2d 937, 62 Misc.2d 469 (1970); Zupancic v. City of Cleveland, 58 Ohio App.2d 61, 389 N.E.2d 861 (1978); Ynsfran v. Burkhart, (Texas Civ. App.) 247 S.W.2d 907 (1952); McGough v. City of Edmonds, 1 Wash. App. 164, 460 P.2d 302 (1969); Bradshaw v. City of Seattle, 43 Wash.2d 766, 264 P.2d 265 (1953); Barton v. King County, 18 Wash.2d 573, 139 P.2d 1019 (1943).

[10] Stewart v. Lewis, 292 So.2d 303 (La. App. 1974).

Pepin County and Waterville Township dismissing the action against them.

*By the Court.*—Judgment affirmed.