David L. JEZEK et al., Petitioner,

v.

CITY OF MIDLAND, Respondent.

No. B–8917.

Supreme Court of Texas.

July 16, 1980.

Rehearing Denied Oct. 1, 1980.

Warren Heagy, Odessa, Erwin A. Elias, Waco, William B. Smith, Midland, for petitioner.

Joe M. Nuessle, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, for respondent.

BARROW, Justice.

Petitioner, David L. Jezek, brought this suit individually and as next friend of his minor son, Calvin Keith Jezek (Keith), against the City of Midland for personal injuries sustained by Keith as a result of an automobile collision which occurred at a blind intersection. Although the jury returned a verdict for Keith, the trial court rendered a take-nothing judgment for the City. The court of civil appeals affirmed. 586 S.W.2d 920.

The principal question involved is whether the "close proximity rule," which allows recovery against municipalities for accidents caused by physical defects within the street right-of-way, includes accidents caused by visual obstructions within the City's right-of-way. We hold that it does and, therefore, reverse the judgment of the court of civil appeals and remand the cause to that court for consideration of respondent's factual cross-points.

Keith Jezek received serious and permanent personal injuries resulting in irreversible brain damage when the vehicle in which he was driving was struck by another vehicle as he was entering a "T" intersection. This intersection was within the corporate limits of the City of Midland. Keith had come to a "rolling stop" on the northbound road of the intersection (Turner Road) and had driven his car a few feet into the east-west road (G. Y. Lee Road) in order to see if any cars were approaching. In doing so, he was struck by a vehicle proceeding east at a high rate of speed. At that time, a driver of a northbound vehicle had his vision impaired as to vehicles proceeding east because of a heavy growth of mesquite trees and brush on the sides of both roads at the southwest corner of the intersection. In order for a driver on the northbound road to see a vehicle approaching from left, it was necessary to pull about half a car length into the intersection. There was testimony that at least one other wreck had occurred at this intersection and it is undisputed that the City of Midland had been informed of the hazardous situation in existence. It had taken no action to rectify it

because the appropriate City officials did not believe these were dedicated streets.

The jury found that mesquite trees and other brush had grown up at the southwest corner of the intersection in question and created an obstruction of view for vehicular traffic traveling north at the intersection in question. The mesquite trees and other brush were found to be located on the unimproved portion of the street known as the G. Y. Lee Road. The jury further found that the City of Midland knew or should have known of the obstruction of view and that the City did not maintain the intersection in a reasonably safe condition, and that this was negligence and a proximate cause of the accident. Negligence was also found on the part of Keith, and that 35% of the negligence causing the accident was attributable to him and 65% to the City. The trial court rendered a take-nothing judgment for defendant, presumably on the basis that the mesquite trees complained of were growing on the unimproved portion of the road as distinguished from in the traveled portion.

It is a well-established rule that the maintenance of streets in a safe condition is a proprietary function, and that a city is liable for its negligence in the performance of this function. *Leroy K. Turvey v. City of Houston,* Tex., 602 S.W.2d 517, 23 Tex.Sup.Ct.J. 447 (June 18, 1980); *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (1960); *City of Austin v. Schmedes,* 154 Tex. 416, 279 S.W.2d 326 (1955). This duty is not limited to the traveled portion of the street alone, but extends to the prevention of defects outside the traveled or improved portion of the street if its proximity thereto renders it probable that such defect will result in injury to those using the improved portion of the street. *City of Waco v. Darnell,* 35 S.W.2d 134 (Tex.Com.App.1931, holding approved); *City of Dallas v. Maxwell,* 248 S.W. 667 (Tex.Comm.App.1923, holding approved); *City of Houston v. Jean,* 517 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *City of Houston v. Glover,* 335 S.W.2d 757 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.).

The basis for the "close proximity rule" was stated by this Court in *City of Houston v. George,* 479 S.W.2d 257 (Tex.1972), as follows:

"The basis of the liability was the rule that requires a municipality to protect the *user of a roadway* from a condition beyond the road itself but which presents a recognizable danger to the normal *user of the road.* . . ."

Citing *Ynsfran v. Burkhart,* 247 S.W.2d 907 (Tex.Civ.App.—Austin 1952, writ ref'd n. r. e.), the court of civil appeals held that this rule was not applicable to a city's failure to remove an obstruction to view from its right-of-way although such obstruction made the street dangerous to motorists using the improved portion of the street.

The *Ynsfran* court explicitly recognized the Texas "close proximity" rule cited above but then elected to follow decisions from three other jurisdictions[1] which hold that a governmental entity owes no duty to remove obstructions to view existing on an unimproved portion of the street. In so doing, the court set up a distinction between physical obstructions and visual obstructions which has no rational basis in fact. A street is not any safer when the obstruction on the right-of-way is visual and not physical. Indeed, such an obstruction probably has a greater likelihood of resulting in a multicar collision than would a physical defect.

In support of its opinion here, the court of civil appeals also cited ten cases from six jurisdictions collected in an annotation in 42 A.L.R.2d 817. We do not believe these cases justify the result the court reached. Four of these cases are not in point because they involve suits against counties and not municipalities. *Bohm v. Racette,* 118 Kan. 670, 236 P. 811 (1925); *Goodaile v. Board of*

---

1. *Owens v. Town of Booneville,* 206 Miss. 345, 40 So.2d 158 (1949); *Barton v. King County,* 18 Wash.2d 573, 139 P.2d 1019 (1943); *Goodaile v.*

*Board of Com'rs,* 111 Kan. 542, 207 P. 785 (1922).

*Com'rs,* 111 Kan. 542, 207 P. 785 (1922); *Barton v. King County,* 18 Wash.2d 573, 139 P.2d 1019 (1943); *Hidalgo v. Cochise County,* 13 Ariz.App. 27, 474 P.2d 34 (1970). The rationale behind these cases is best stated in *Barton.* "To allow it [recovery] would be to hold, literally, that thousands of county road intersections are inherently dangerous. To so hold would impose an imponderable responsibility upon counties." 139 P.2d at 1021.

■ We recognize the problem of imposing this type of duty on counties. It would be a rigorous burden indeed for a rural county in a state such as Texas to police and remove vegetation from roads when they cause visual obstruction. This, however, is not the case before us. Our case is based upon a theory of proprietary function of government. Counties in Texas have no proprietary functions and thus would have no duty in this area. *Leroy K. Turvey v. City of Houston, supra.*

Although other cases urged by the City involve municipalities, they are also distinguishable. *Williams v. City of Bristow,* 350 P.2d 484 (Okl.1960), while containing dictum which would support the court of civil appeals opinion, turns on the fact that the obstruction involved was a giant Christmas tree. The Oklahoma court held that the celebration of Christmas by the City was a governmental function. Further, it was not shown that the obstruction was the proximate cause of the accident.

In *Boyle v. City of Phoenix,* 115 Ariz. 106, 563 P.2d 905 (Ariz.1977), it was held that in the absence of a statute the City owed no duty for an obstruction caused by vegetation. However, a contrary result was later reached in *Lake Havasu Irr. & Drain. Dist. v. Dubois,* 117 Ariz. 511, 573 P.2d 911 (1977, review denied 1978). There the court held that a municipal corporation may be liable for a visual obstruction at an intersection if the evidence shows the conditions impeding a driver amount to a "hidden danger."

Likewise, the absolute rule in the State of Washington, as set out in *Bradshaw v. City of Seattle,* 43 Wash.2d 766, 264 P.2d 265 (1953), is limited by a caveat allowing recovery if an intersection is "inherently dangerous." *See McGough v. City of Edmonds,* 1 Wash.App. 164, 460 P.2d 302 (1969).

It is clear that none of the cases cited in support of the annotation require the same type of analysis that the decisions in our state mandate. Nor is it apparent that the close proximity rule was followed in those states.

We believe that proper application of the close proximity rule of this State dictates a contrary result. The close proximity rule holds that a defective condition need not be confined to the street itself, but may arise by reason of its proximity to the street which would render it not improbable that it would result in injury to those using the street in the ordinary manner.

This rule has been consistently followed for many years. In *City of Waco v. Darnell,* 35 S.W.2d 134 (Tex.Com.App.1931, holding approval), Hazel Darnell recovered her damages from the City of Waco for personal injuries she sustained when the car she was traveling in collided with a stump located in an area outside the traveled portion of a street in Waco.

In *City of Houston v. Jean,* 517 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.), the plaintiff was injured when the car she was driving ran into a ditch which ran parallel with a cross street she was entering. The street was dimly lit and there was no barrier or warning sign to alert a driver to the danger of the ditch. The court held the City liable as the ditch was in such close proximity to the street as to render travel unsafe.

*City of Fort Worth v. Lee,* 143 Tex. 542, 186 S.W.2d 954 (1945), involved a fourteen-year-old boy who was injured when his bicycle went off the street and over a bluff which had been caused by the digging of a cut for tracts of a railway company. In affirming the judgment for plaintiff, we said:

"That when it took over the addition the city became charged with the duty to keep its streets in a reasonably safe condition for travelers is well settled. . . .

Yet it annexed the addition with 30th Street ending only thirty feet from an unguarded and dangerous excavation, and it maintained that street for nineteen years without any warning to westward travelers and without any barrier to keep them from going over the bluff if for any reason they went straight ahead instead of turning north onto Pecan Street. Therefore, if keeping 30th Street in a reasonably safe condition for travelers required a warning or a barrier or both, negligence resulting from the fact that they were not provided must be charged to the city. . . ."

In *City of Austin v. Schmedes*, 154 Tex. 416, 279 S.W.2d 326 (1955), we considered the question of whether a city owes a duty to warn the user of a street of dangerous conditions other than physical defects and obstructions in the street itself. The City had closed the southbound traffic lane of a divided highway for repairs but failed to warn motorists that the northbound lane remained a one-way street. A vehicle traveling south entered the northbound lane and collided with a vehicle in the northbound traffic. We held that the City owed a duty to warn of this dangerous condition and permitted plaintiff to recover from the City.

 Here the City of Midland knew of the danger caused by the visual obstruction in its right-of-way and, under its proprietary function of maintaining the streets in a safe condition, the City owed a duty to eliminate the hazardous condition. There can be no more "normal use" of a roadway than to be driven upon by a motor vehicle. It is foreseeable that a driver doing so will sustain injury if the dangerous obstruction is not corrected. The reasoning of the close proximity rule applies with equal force to physical defects and to visual obstructions. There is no logic in a rule that a city is liable if a motorist is injured by running into a tree in the right-of-way, but is not liable if the motorist is injured because of a hazardous obstruction created by the tree in the right-of-way.

 We, therefore, hold that where a city knowingly maintains an intersection right-of-way in a manner which dangerously obstructs the vision of motorists using the street, they are under a duty to warn of the danger or, if necessary, make safe the defective condition. To the extent *Ynsfran* conflicts with this holding, it is expressly overruled. We are not to be read as holding that the city is an insurer in these situations, but where, as here, the city has been given notice of the danger and negligently fails to act, liability will attach. This duty does not extend to obstructions located on adjoining private property.

By cross-points, the City urges that petitioner may not recover even if the City owes a general duty in this case, because G. Y. Lee Road and Turner Road were never dedicated as City streets. This contention was the thrust of their defense in the trial court. This argument misses the mark under well-settled legal principles as applied to the jury's verdict.

 It is not necessary that the streets be dedicated to the city in order to become city streets. The settled rule which is applicable here is that when existing county roads are annexed by a city, they become city streets. *City of Dallas v. Etheridge*, 152 Tex. 9, 253 S.W.2d 640 (1952); *Gabbert v. City of Brownwood*, 176 S.W.2d 344 (Tex. Civ.App.—Eastland 1943, writ ref'd). It is undisputed that the area in question was part of a larger tract annexed by the City in 1966. So our question is, were the roads dedicated to the public so as to be County roads before they were annexed by the City?

 Texas law recognizes two types of dedication of roads. It is conceded by petitioner that these roads were not dedicated under any statute or ordinance, but rather were common law dedications. Common law dedications can be either express or implied. In both instances, there must be an appropriation of land by the owner to public uses, in one case by express manifestation of such purpose and in the other, by some act or course of conduct from which the law will imply such an

intent. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960). A common law dedication of realty to the public does not have to be shown by a deed. *Owens v. Hockett*, 151 Tex. 503, 251 S.W.2d 957 (1952). It is evidence of a landowner's intention to dedicate if he permits the public to use his land as a highway. *Dunn v. Deussen*, 268 S.W.2d 266 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.).

■ The record before us fully supports the jury findings that both roads had been dedicated by the owner of the land to the public for public usage. These two roads were part of a section of land owned by D. W. McCormick. In 1962 McCormick conveyed to the County a strip of land on which the G. Y. Lee Road is located. While the deed does not explicitly state that the land is to be used for road purposes, the one mile strip is in the same dimensions as the road which had been used by the general public for several years previously and is still being so used. Mr. McCormick is now deceased, but his daughter who still lives on a part of his land testified that the two roads had been used by the public for many years. She also produced some of her father's plats of the land which showed the roads. The two roads are shown on a plat of the land made in 1953. There is evidence from several witnesses, including the County Surveyor, that these roads had been used by the public and maintained by the County for many years. The most cogent testimony came from the County Surveyor who was hired by the City to prepare a plat of the intersection. This plat shows that both roads are sixty feet wide, although the traveled portion of each was only thirty-seven feet wide, with eleven and a half foot shoulders on either side. He also testified that there are stumps indicating that the mesquite trees and brush in question were on the right-of-way. There was testimony from several persons who had lived in the vicinity that at least since 1962 the general public, as well as school buses, mail carriers, and utility vehicles have used these two roads. There was evidence that since 1962 the County maintained the traveled portion of the roadway. This evidence supports the jury findings of public usage.

In sum, the City knew, or should have known when it annexed this area, that these two roads were public roads. All of the testimony showed that the streets were open for use and were used by the general public. There is uncontradicted evidence that the City was informed of the dangerous visual obstruction existing at the intersection. This dangerous obstruction was created by brush and weeds located on the right-of-way of these roads. For reasons of its own, it exercised no care whatever to protect those who might use the roads.

It would be anomalous to have streets within the city limits, which all the people have a right to use and which the city knows are being used, without requiring any responsibility on the part of city officials to protect these people from the dangerous conditions of which the city has been informed.

■ We conclude that the court of civil appeals erred in affirming the take-nothing judgment rendered by the trial court. The City urges a number of cross-points which complain that the evidence is factually insufficient to support the jury verdict on several crucial jury findings. Inasmuch as these factual insufficiency points are within the exclusive jurisdiction of the courts of civil appeals, we remand the case to that court for determination of such points. *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas*, 491 S.W.2d 869 (Tex.1973).

The judgment of the court of civil appeals is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.